J. .L. GRIGGS *v.* JESSE FRENCH PIANO AND ORGAN COMPANY.

JUSTICE OF THE PEACE. *Jurisdiction. Attachment. Code,* 1880, §§ 2191, 2475.

Under §§ 2191, 2475, code 1880, a justice of the peace has jurisdiction to issue the writ and try the cause in an attachment, suit against a non-resident, although the only property attached is in another district of the county; and this, too, where there is a qualified and acting justice in such other district.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

On October 16, 1891, appellant, Griggs, sued out an attachment against the appellee before a justice of the peace of district 3, Noxubee county, for $165. The defendant was a non-resident of the state, and the attachment was sued out on that ground. It was made returnable before said justice, and was levied on a piano, the property of defendant, in district 4, no property being found.in district 3. The defendant was not served with process, but gave bond for the forthcoming of the piano to abide the judgment. Defendant appeared by counsel, and made a motion in the justice court to quash the levy and dismiss the suit, upon the ground that the justice had no jurisdiction. This motion was overruled, and a trial was had, resulting in a judgment for plaintiff, from which the defendant appealed to the circuit court. There the motion to dismiss was renewed. On the hearing of the motion the above facts were shown, and it was also shown that, at the time the attachment was sued out and levied, there were two qualified and acting justices in district 4, and,

further, that the debt or liability sued for was created by an agent of the defendant in district 3. From a judgment sustaining the motion and dismissing the suit plaintiff appealed.

*A. C. Bogle*, for appellant.

Section 2191, code 1880, declares that the jurisdiction of a justice of the peace shall be co-extensive with his county, and that he may issue process to be executed anywhere in the county. The only limitation as to suits is that the matter must be within his jurisdiction as to amount, and that a freeholder or householder must be sued in his own district, or where the liability was incurred. Here the defendant is not a freeholder or householder, hence the limitation as to place of suit does not apply.

Section 2475, code 1880, is the only other statute affecting the jurisdiction of the justice in a case like this. It provides that a justice of the peace may issue attachments returnable before himself or any other justice of any district where the defendant or his property may be found.

The cases of *Smith* v. *Mulhern*, 57 Miss., 591, and *Baum* v. *Burns*, 66 *Ib.*, 124, are not applicable. The act of 1884 does not change the above provisions of the statute.

Giving the replevin bond was an appearance, and was a waiver of any irregularities in the proceedings. 39 Miss., 357; 62 *Ib.*, 600.

*T. W. Brame*, for appellee.

Section 2418, code 1880, provides that the writ of attachment shall be issued to the county where the defendant has property or debts, and shall be returnable to the *circuit court of the county in which the defendant or property or debts may be found*, and shall be the leading process. This was amended by the act of 1884 (Laws, p. 78), by inserting after "any county" the words "or of a justice of the peace of any district." Section 2475 of the code also provides that a justice of the peace may issue attachments returnable before

himself, or other justice of any district where the defendant or any of his property or effects may be found. What gives the jurisdiction is that the writ must be returnable in the district in which either the defendant or his effects may be found. A plain construction of the statute fixes this as being true. Besides, *Baum* v. *Burns*, 66 Miss., 124, is, we think, decisive.

The jurisdiction is not determined by § 2191 of the code, as contended, because the debt was contracted in district 3. The jurisdiction of attachment suits is regulated by § 2418, code 1880. Even if a citizen is sued in attachment in a county where he does not reside, if his property is there, which gives jurisdiction, the cause cannot be removed to the county of his residence under § 1498 of the code. See *Baum* v. *Burns, supra.*

The judgment rendered in the justice court was absolutely void under that decision. The fact that appellee defended the case was not a waiver of the plea in abatement or motion to quash. 57 Miss., 676. The judgment should be affirmed.

WOODS, J., delivered the opinion of the court.

The jurisdiction of every justice of the peace is co-extensive with his county, and he may issue any process in matters within his jurisdiction, as is unmistakably to be seen on the face of section 2191, code 1880. The limitation of this jurisdiction arises in two classes of cases, viz., where freeholders or householders are defendants. But this limitation is itself subject to exception. The limitation on the jurisdiction co-extensive with the county is that every freeholder or householder shall be sued in the district in which he resides, if there be an acting justice therein, and qualified to try the householder's or freeholder's suit; but the limitation is not without exception. The householder may be sued in the district in which the debt was contracted, the liability incurred or in which the property may be found. The only limitation

upon the jurisdiction co-extensive with the county is applicable alone to householders or freeholders of the county.

The other provisions of law touching the jurisdiction of justices in attachment suits is found in section 2475, and, by this section, it is clear that the justice issuing attachment writs, in cases within his jurisdiction as to amounts, may make them, in every case, returnable before himself or returnable before any other justice of any district in which the defendant or any of his property or effects may be found.

The writ in the case at bar was properly made returnable, the defendant being a non-resident, before the justice who issued it.

*Reversed and remanded.*