### McDonough v. Stringer.

(Division B.   Oct. 28, 1929.)

[124 So. 334.   No. 28085.]

J. T. Garraway, of Purvis, and J. W. Shanks, of Sumrall, for appellant.

**W. J. Hatten,** of Sumrall, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee before a justice of the peace of the Fifth district of Lamar county on an itemized sworn account for a balance alleged to be due from appellee to appellant of the sum of one hundred sixty-seven dollars and fifty cents, which amount appellant sought to recover of the appellee. There was a trial in the court of the justice of the peace, resulting in a judgment in appellant's favor in the amount sued

for. From that judgment appellee appealed to the circuit court of Lamar county, where the cause was tried again, resulting in a judgment in appellee's favor, dismissing the action, with costs against appellant. From that judgment appellant prosecutes this appeal.

In the justice of the peace court appellee pleaded specially to the jurisdiction of that court. The ground of the plea was that both appellant and appellee were non-residents of this state, and the appellee was neither a freeholder nor a householder in the justice of the peace district in this state in which the suit was brought. The justice of the peace held the plea bad, and appellee declining to plead further, judgment was entered in favor of the appellant for the amount sued for. When the case reached the circuit court on appeal, that court held to the contrary, and dismissed the suit. The following is deemed a sufficient statement of the case in order to develop the question involved:

Both appellant and appellee were resident citizens of Mobile, in the state of Alabama. Appellee leased from appellant a house and lot in Mobile. The lease contract was made in Alabama. The itemized sworn account sued on set out that the lease was for the period of two years, beginning with January, 1924, and ending with the 31st day of December, 1925, at ten dollars per month, aggregating two hundred forty dollars; and that, in addition, appellee was indebted to appellant for coal sold by the former to the latter in the sum of ten dollars and the sum of two dollars for hauling done by appellant for appellee—making a total of two hundred fifty-two dollars and fifty cents, on which account appellee was credited with payments made to appellant at different times, aggregating eighty-five dollars, leaving a balance due of one hundred sixty-seven dollars and fifty cents, the amount sued for.

Appellee was found at Sumrall, in justice of the peace district No. 5 of Lamar county, in the employ of the Newman Lumber Company, but was neither a householder nor a freeholder in that district. Appellant thereupon brought this action before a justice of the peace of that district; summons was duly issued and personally served on appellee, who at the return term of the court appeared by attorney and interposed the special plea to the jurisdiction of the justice of the peace above referred to. We have here, therefore, a nonresident of this state suing a nonresident of this state in a personal action—a transitory cause of action—in the court of a justice of the peace in this state, wherein the defendant is found and personally served with summons, but is neither a householder nor freeholder in the district in which he is sued.

The trial court held that the justice of the peace courts of this state have no jurisdiction of such causes.

Section 171 of the Constitution 1890 provides, among other things, that the jurisdiction of a justice of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of two hundred dollars. Section 2724 of the Code of 1906, Hemingway's Code of 1927, section 2378, provides among other things, that: "The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found."

Within the limitation fixed by section 171 of the Constitution 1890, the jurisdiction of the justices of the peace of this state of civil causes is as full and complete as the

constitutional jurisdiction of circuit courts of civil actions.

Under section 707 of the Code of 1906, as amended by chapter 155 of the Laws of 1926, Hemingway's Code of 1927, section 500, transitory causes of action of which the circuit courts have original jurisdiction may be commenced in any county in the state in which the defendant is found, although the defendant be a nonresident of the state. Likewise, the same character of actions of which the justices of the peace are given original jurisdiction may be brought against a nonresident of this state in any justice of the peace district in which he may be found. In other words, the jurisdiction of the justice of the peace of transitory causes of action against nonresidents is as full and complete as that of circuit courts over like actions, except, of course, as to the amount involved.

Section 2724 of the Code of 1906, Hemingway's Code of 1927, section 2378, provides, among other things, for the venue of actions against householders or freeholders in the courts of the justice of the peace.

In Griggs v. French Piano & Organ Co., 70 Miss. 211, 14 So. 24, the court construed this statute. Although the facts in that case were different from the facts of this case, we think the principles there declared are controlling here in appellant's favor. In that case the court held that, as plainly provided by the statute, the jurisdiction of a justice of the peace was coextensive with his county; that the only limitation of that jurisdiction arose in two classes of cases, namely, where freeholders or householders were defendants. The court used this language: "The only limitation upon the jurisdiction coextensive with the county is applicable alone to householders or freeholders of the county."

Reversed and remanded.